UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil File No. 10-0361 RHK/JSM

James E. Moore and Tim McGough, as
Trustees of the Carpenters & Joiners Welfare
Fund, Twin City Carpenters Pension Master
Trust Fund, and Twin City Carpenters Vacation
Fund; James E. Moore as Trustee of the
Carpenters and Joiners Apprenticeship and
Journeymen Training Trust Fund, and each of
their successors,

               Plaintiffs,

vs.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND ORDER
FOR ENTRY OF DEFAULT JUDGMENT**

Tarraf Construction, Inc. and Heidi Landon,
individually,

               Defendants.

This matter was heard before the undersigned on the 3rd day of May 2010. Katrina E. Joseph of Anderson, Helgen, Davis & Nissen, LLC appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

## FINDINGS OF FACT

1. The Summons and Complaint were filed with the Court on February 8, 2010. The service was accomplished upon Defendants on February 9, 2010.

2. Defendants have failed to file and serve a response or Answer to the Complaint. The Application for Entry of Default and Affidavit of Pamela H. Nissen in support of the Application for Entry of Default were filed with the Court on March 3, 2010. The Clerk's Entry of Default was entered on March 4, 2010.

3. Plaintiffs are trustees and fiduciaries of the above-referenced funds (hereinafter Funds). The Funds are multi-employer plans as defined by 29 U.S.C. §

1002(37).  They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement.  All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

4. Defendants are bound to the terms of a Collective Bargaining Agreement between the North Central States Regional Council of Carpenters (f/k/a Lakes and Plains Regional Council of Carpenters and Joiners) and the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association.

5. The Collective Bargaining Agreement requires employers to make fringe benefit contributions to the Funds in accordance with its terms. These contributions must be made on behalf of each bargaining unit employee as defined in the Collective Bargaining Agreement in amounts set forth and agreed upon therein.  The Collective Bargaining Agreement requires employers to contribute every month, not later than the fifteenth (15th) of the following month, such sums for Pension, Health and Welfare, Vacation, Dental, Apprenticeship, and Promotion Funds as they may be established, an amount for each hour worked by all employees covered by the Collective Bargaining Agreement.

6. The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

7. Defendants breached their obligation under the Collective Bargaining Agreement by failing to timely submit the fringe fund reports and contributions for the months of November 2009, December 2009, January 2010, February 2010, and March 2010.

8. After filing of the Motion for Entry of Default, Defendants submitted the fringe fund reports for the months of November 2009, December 2009, January 2010, February 2010, and March 2010.

9. The amount due for fringe benefit contributions for the months of November 2009, December 2009, January 2010, February 2010, and March 2010 is $202,890.35. The amount due for liquidated damages is $20,289.04.

10. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action. The attorney fees and costs reasonably incurred by the Plaintiffs in the prosecution of their claims total $2,660.39.

11. Defendants are entitled to a credit in the amount of $33,961.95 for a payment submitted to Plaintiffs.

## **CONCLUSIONS OF LAW**

1. Defendants are in default, and Plaintiffs are entitled to Entry of Default Judgment.

2. Defendants are bound to the terms of the Collective Bargaining Agreement and both are therefore liable to the Plaintiffs for all amounts due per the Collective Bargaining Agreement.

3. Defendants are liable to the Funds in the amount of $202,890.35 for fringe benefit contributions for the months of November 2009, December 2009, January 2010, February 2010, and March 2010.

4. Defendants owe the Funds $20,289.04 for liquidated damages for the months of November 2009, December 2009, January 2010, February 2010, and March 2010

5. Defendants owe $2,660.39 for attorney fees and costs.

6. Defendants are entitled to a credit in the amount of $33,961.95 for a payment submitted to Plaintiffs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Entry of Default Judgment is **GRANTED**.

2. That judgment in the amount of $191,877.83 shall be entered against Defendants Tarraf Construction, Inc. and Heidi Landon in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 3, 2010         BY THE COURT:


                           s/Richard H. Kyle
                           Richard H. Kyle
                           United States District Judge